CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries received in an automobile accident. A jury awarded $3,615. Plaintiff appealed, seeking an increase in the award.
*687 The sole issue on appeal is the sufficiency of the award.
The relevant facts are that on August 31, 1968, plaintiff had stopped his vehicle for a red light and was struck from the rear by a vehicle driven by the defendant motorist. Pictures filed in evidence show there was only minor damage to the rear of plaintiff’s automobile. It was not a violent collision.
Following the accident, plaintiff complained of severe pain in his neck and was seen by Dr. F. Lionel Mayer, an orthopedic surgeon. This physician found no objective symptoms. On the basis of the history and plaintiff’s subjective complaints, Dr. Mayer diagnosed a cervical and a lumbar strain. Plaintiff was hospitalized for a period of about eight days and then released.
For approximately a year thereafter, plaintiff continued to see Dr. Mayer with complaints of pain in the cervical and lumbar areas, and pain radiating into the leg with numbness. All of these complaints were subjective. Dr. Mayer found no objective symptoms. Finally, in August of 1969, Dr. Mayer concluded plaintiff had no orthopedic condition. He referred plaintiff to a psychiatrist.
Dr. Sidney Dupuy, a psychiatrist of Lafayette, saw plaintiff on October 8, 1969, and again on February 1, 1971, shortly before the trial. This physician found plaintiff severely depressed and diagnosed traumatic neurosis causally related to the accident.
On the request of the defendant, plaintiff was examined by Dr. Thomas Rafferty, also a psychiatrist. He first saw plaintiff in January of 1970 and diagnosed a severe depressive reaction. However, after a subsequent examination on January 18, 1971, Dr. Rafferty found plaintiff was no longer depressed and that the symptoms of neurosis had disappeared.
Plaintiff’s lay witnesses testified generally that before the accident he was a happy, hard working individual with a wife and four children. Also, that he held two jobs, one as a salesman of industrial insurance and the other as a janitor at a store building, but after the accident he has been depressed, irritable and unable to hold a job. Defendant introduced lay testimony in contradiction.
The jury awarded plaintiff $3,615. It was stipulated that the medical expense was $1,225. Plaintiff contends this means the jury awarded only $2,390 in general damages and this is an abuse of the jury’s discretion.
Of course, we don’t know the jury’s reasons for the amount of its award. However, under the evidence the jury could have concluded plaintiff suffered only minor physical injuries and no psychiatric disability. These factual determinations depended largely on the jury’s impression of the credibility of plaintiff and his witnesses. This is a matter which rests largely within the discretion of the trier of fact. We find no manifest error.
Applicable here is the jurisprudence that since the symptoms of traumatic neurosis are vague, nebulous and almost entirely subjective, the courts should exercise great caution in allowing recovery for such a condition, Jackson v. International Paper Company, 163 So.2d 362 (La.App. 3rd Cir. 1964).
Also applicable are Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971) and the cases cited therein, which hold that in the assessment of damages much discretion must be left to the judge or jury, and the award should not be changed on appeal, in the absence of an abuse of discretion.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.