286 So.2d 147 (1973)
Travis W. RACHAL, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant-Appellee.
No. 4393.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
*148 Neblett, Fuhrer & Broussard, by Robert B. Neblett, Jr., Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble, by H. B. Gist, Jr., Alexandria, for defendant-appellee.
Before FRUGE, SAVOY, and PONDER, J.
SAVOY, Judge.
Plaintiff filed this suit for compensation benefits against his employer, Owl Fine Foods, and its insurer, United States Fidelity and Guaranty Company. For a cause of action, he alleged he was injured on or about July 21, 1970, while working as a stock boy for Owl; that while carrying a box in his arms, he stumbled backward over another box and injured his back. Defendants filed a general denial. After trial, plaintiff was awarded compensation at the rate of $37.70 per week from July 21, 1970, until October 20, 1970, subject to a credit for three weeks compensation previously paid plaintiff plus medical fees and for drugs. The case was argued by counsel other than the one representing plaintiff on appeal. The present counsel filed a motion with the district judge for a new trial. The court heard the arguments for a new trial and after the hearing, took the motion under advisement, and modified his original judgment by deleting the statement of Dr. L. J. Credeur, plaintiff's treating physician in the sum of $610.00 and otherwise denied the motion for a new trial. Plaintiff appealed. Defendant answered the appeal praying that the judgment be modified by denying plaintiff's claim in its entirety.
*149 The assignments of errors by counsel for appellant are:
1) The lower court erred in holding that the plaintiff was not entitled to total and permanent workmen's compensation benefits.
2) The lower court erred in holding that plaintiff was not entitled to penalties and attorneys' fees.
3) The lower court erred in reducing plaintiff's judgment on plaintiff's motion for a new trial where a new trial was not moved for by the defendant.
The first matter for discussion is the extent of disability. Plaintiff was treated by Dr. P. M. Davis, Dr. L. J. Credeur and examined by Drs. Ray Beurlot, Jr. and Dr. Homer Kirgis for evaluation.
Dr. Paul M. Davis, Jr. is an Orthopedic Surgeon. He met plaintiff on the day of the accident at the emergency room at Baptist Hospital in the city of Alexandria, Louisiana. X-rays were taken of plaintiff, and he was examined by the doctor. The doctor found a mild compression of the vertebrae between L-1 and D-12. He made a diagnosis that claimant was suffering from a juvenile epiphysitis, a development condition in the bone not uncommon in persons between the ages of fifteen and eighteen years of age. At the time of the accident, plaintiff was seventeen years of age. Dr. Davis felt plaintiff was exaggerating his complaints, and discharged him after four days in the hospital and stated that he should have been able to resume his employment with only minor discomfort due to epiphysitis. Dr. Davis informed the claims agent for the defendant insurance company that plaintiff was able to return to work on or before August 10, 1970. Dr. Davis never did see plaintiff after his discharge.
Dr. L. J. Credeur is a General Practitioner. He was plaintiff's treating physician. Dr. Credeur saw plaintiff on July 28, 1970. He found marked spasm and swelling of the right upper lumbar area. Plaintiff could do body bending with some difficulty. The doctor was under the impression that plaintiff was suffering from an acute back strain in the lumbosacral region and a possible ruptured disc. He saw plaintiff on numerous occasions between July 28, 1970 and April 23, 1971. His deposition was taken on June 11, 1971 and Dr. Credeur was of the opinion that as of that date plaintiff was still having muscle spasm. Dr. Credeur testified that he referred plaintiff to Dr. Ray Beurlot, an Orthopedic specialist in the city of Alexandria, Louisiana.
Dr. Ray Beurlot saw plaintiff on October 20, 1970. He felt from x-rays made at his request, that plaintiff sustained a mild compression fracture. He also felt that plaintiff's complaints were grossly exaggerated and that on the date of the examination, plaintiff had fully recovered from injury he might have suffered on July 21, 1970 and that there were no orthopedic disabilities present.
Original counsel for plaintiff referred plaintiff to Dr. Homer Kirgis, an expert in the field of Neurology and Neuro-Surgery. Dr. Kirgis saw plaintiff on January 7, 1971. Based on findings of subjective complaints and on finding muscle spasms, the doctor felt that plaintiff would be disabled for three to six months from the date of his examination. Dr. Kirgis found no evidence of bony pathology and was of the opinion that plaintiff did not have a ruptured intervertebral disc. He also stated that he would yield to the opinion of a specialist in the Orthopedic field.
The trial court disregarded the testimony of the treating physician. It was within his province to do so.
The medical testimony preponderates that plaintiff was able to resume his normal work on October 20, 1970. We agree with that portion of the trial court's decree.
We also agree that plaintiff is not entitled to penalties and attorney fees.
*150 The last issue for determination is whether the district judge erred in amending his original judgment by deleting therefrom the medical bill of Dr. Credeur.
It is the contention of counsel for plaintiff that since he was the only party praying for a new trial, the district judge could not amend the judgment to his detriment.
According to the court minutes, the motion for a new trial was argued by counsel for the parties and then taken under advisement. The court then, at a later date, handed down what he designated as "reasons for judgment" in which he discussed in detail the evidence in the instant case. In the concluding paragraph in his "reasons for judgment", the judge said:
"For the reasons above expressed and the facts apparent in the full transcript and depositions, the application for a new trial is denied with the exception of the modification above set forth."
LSA-C.C.P. Article 1971 provides:
"A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial may be granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues."
From a reading of the above Article, it is the opinion of the court that the district judge may grant a limited or unlimited new trial but until it does, it cannot modify its previous judgment as to substance. LSA-C.C.P. Article 1951.
Furthermore, a judgment should not be amended to benefit parties who have failed to apply for review. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).
We conclude that the amended judgment of April 10, 1973 rendered in the above cause is erroneous and is hereby set aside.
For the written reasons assigned, the judgment of April 10, 1973 is hereby reversed and judgment is recast to read as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Travis W. Rachal, and against the defendant, United States Fidelity & Guaranty Company, awarding Travis W. Rachal workmen's compensation benefits at the proven weekly rate of $37.70 per week from the date of the accident, July 21, 1970, until October 20, 1970, subject to a credit for three weeks compensation previously paid by defendant for a total credit of $113.10; it is further ordered, adjudged and decreed that defendant, United States Fidelity & Guaranty Company, be condemned to pay medical bills as follows:
1) Bill of Dr. L. J. Credeur in the amount of $610.00;
2) Bill of Dr. Homer Kirgis in the amount of $126.00; and
3) Drug bill in the amount of $11.02.
It is further ordered, adjudged and decreed that defendant, United States Fidelity and Guaranty Company be condemned to pay legal interest from date of judicial demand until paid.
Defendant to pay all costs incurred in the district court and costs of this appeal.
Reversed in part; judgment recast and rendered.
PONDER, J., concurs in the result.