321 So.2d 55 (1975)
Francis S. DEVILLIER, et al., Plaintiff and Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY et al., Defendant and Appellee.
No. 5157.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Rehearing Denied November 13, 1975.
Writ Refused January 9, 1976.
*56 Dubuisson, Brinkhaus, Guglielmo & Dauzat by James T. Guglielmo, and Leon S. Haas, Jr., Opelousas, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit for damages arising out of an automobile-truck collision. The plaintiffs are Francis Sanders Devillier and Roma Devillier Lanclos. Mr. Devillier sues for property damages to the automobile which he owned. Mrs. Lanclos, who was driver of the car, sues for her personal injuries. The defendants are the owner, the insurer and the driver of the truck-trailer. The trial judge found defendants liable. But he awarded only $1,000 for Mrs. Lanclos' minor physical injuries. He rejected her claim for damages for traumatic neurosis. She appealed, seeking an award for the neurosis. Defendants answered that appeal, seeking a reversal on the liability issue.
The accident occurred at about 8:30 p.m. on a narrow two-lane blacktop road in a rural area. Mrs. Lanclos was driving in a northerly direction at a speed of approximately 50 miles per hour. Approaching from the north very slowly, or stopped in the opposite lane, was a truck and trailer owned by Frank Mosing, d/b/a Frank's Casing Crews, and insured by defendant-appellant, Traders & General Insurance Company. Leston J. Patin, Al Marceaux and John R. Guillot, all employees of Frank's Casing Crews, were riding in the truck. Patin was driving.
The collision occurred when the left front of the car struck the left rear of the trailer near the center of the highway. The automobile then continued across the highway in a westerly direction through a fence and finally came to rest in a field on the west side of the road. There were no markings designating the center line of the highway. Each driver contends the other was on the wrong side.
The trial judge was greatly impressed by the testimony of ain impartial witness, Mr. Watson. While Watson did not witness the accident, he arrived on the scene shortly after it occurred. He was able to trace the path of the Chevrolet automobile from the roadway off onto the east shoulder, noting a side movement there, and then back across the highway to its resting place in the field west of the road. No witnesses contradicted this. Other witnesses stated that they did not see any *57 tracks, or did not search for them. Mr. Watson also stated that there was broken glass at the location of the automobile's side movement onto the east shoulder of the road, indicating the truck had infringed on the northbound lane of travel and forced Mrs. Lanclos off the road.
Mrs. Devillier stated the truck was in her lane and that she pulled over as far as she could but was afraid she might go off in a deep drainage ditch along the east side of the highway.
Mr. Guillot testified that he believed the truck was in its proper lane. But Mr. Marceaux stated he could not be sure. Finally, Patin admitted that he could have crossed the center line. Neither Patin, Marceaux nor Guillot could state the location of the automobile at the time it collided with the left rear end of the trailer.
We are also impressed by the fact that this roadway is only approximately 17 feet wide, and the trailer on the truck involved in the collision is 8 feet wide. Additionally, Mr. Patin agreed that it was necessary to get somewhat close to the center of the highway, in order to turn a truck and trailer of this size. And there was testimony that the truck was turning onto the west shoulder. We are not persuaded by Patin's statement that the truck was at least a foot off the west side of the roadway when the accident occurred, since neither Marceaux nor Guillot could agree on this.
Wide discretion is accorded the trial court in assessing the credibility and accuracy of the testimony of the witnesses.
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." Canter v. Koehring Company, 283 So.2d 716 (S.Ct. 1973). Applying this rule to the present case, we find no error on the liability issue.
Likewise, we find no manifest error in the court's rejection of plaintiff's claims for damages for her psychiatric condition. Both psychiatrists, Dr. Reagon and Dr. Rafferty, testified that the accident was the cause of Mrs. Lanclos' condition. However, they based their conclusions largely on the history Mrs. Lanclos herself had given to them. Mrs. Lanclos admits that she failed to tell them about all of the emotional problems she was having before and after the accident.
The record shows that Mrs. Lanclos was married to Mr. Lanclos and lived with him 8 years. She then separated voluntarily from him and began living with Sanders Devillier, the owner of the car she was driving. For the past 9 to 10 years, while living with Devillier, she has been having an affair with Mr. W. A. Darling. The evidence shows she often had trouble with both men. They both had slapped or struck her on occasion. She testified that Mr. Darling had "beat me up." Additionally, Darling's wife had called Mrs. Lanclos and had once confronted her and struck at her with an object. All this was occurring shortly before and after the accident.
At the time of the accident and afterwards, Mrs. Lanclos was going through menopause. This had caused her to be nervous. She had required medical treatment for her nerves before the accident.
Thus, even considering the testimony of plaintiff's two daughters, a co-employee and Mr. Darling that the plaintiff's psychiatric problems began only after the accident, we are unable to say the trial judge manifestly erred in finding as a fact that these conditions existed prior to the accident and were not caused or aggravated by the accident or resulting minor physical injuries. She recovered and returned to her job as a school cook about one week after the collision. She finished the school year in June, but did not return to work in September.
*58 "Applicable here is the jurisprudence that since the symptoms of traumatic neurosis are vague, nebulous and almost entirely subjective, the courts should exercise great caution in allowing recovery for such a condition." Belson v. Sub-Surface Completion Service, 253 So.2d 686 (3rd Cir. 1971); Jackson v. International Paper Company, 163 So.2d 362 (3rd Cir. 1964).
Appellants urge that in Allen v. Indemnity Insurance Company of North America, 137 So.2d 110 (3rd Cir. 1962), liability for traumatic neurosis was found under less persuasive evidence. However, in that case a jury had found a causal connection existed. This court afforded that finding, as it affords the finding in the instant case, great weight.
The next issue with which we are faced is whether the trial judge erred in disallowing opinion testimony during the new trial. We find that he did not. The order for the new trial provided that no hypothetical question or opinion evidence would be permitted. A trial judge may grant a partial new trial. Rachal v. United States Fidelity & Guaranty Company, 286 So.2d 147 (3rd Cir. 1973); LSA-C.C.P. 1971. This authority necessarily carried with it the power to define and limit the scope of that new trial.
The new trial was ordered presumably for the reason that new evidence had been found indicating that Dr. Rozas had treated plaintiff for a nervous condition subsequent to the accident. It was entirely proper for the trial judge to limit the testimony to this inquiry. The issue was mostly one of fact. The judge reasoned that hypothetical or opinion questions would not help. We find no abuse of his discretion in this regard.
Finally, plaintiff-appellant urges that the cost of preparing the deposition of Mr. Patin, which was filed in evidence on the trial on the merits, should have been taxed as a cost of court. LSA-R.S. 13:4533 provides:
"The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs."
In Succession of Franz, 242 La. 875, 139 So.2d 216 (S.Ct.1962) our Supreme Court held that where a deposition is introduced into evidence at trial it is "used on the trial" within the intent of the above provision. In the present case, the deposition was introduced and accepted into evidence. The cost of its preparation must be taxed as a cost of court.
For the reasons assigned, the judgment appealed is amended to tax as court costs the cost of preparing the deposition of Mr. Patin. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed, as amended.