378 So.2d 520 (1979)
Stanley J. WEBER, Jr. and Stanley J. Weber, III
v.
BON MARCHE PHARMACY, INC.
No. 10448.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
Rehearing Denied January 18, 1980.
*521 William P. Curry, Jr., Barbera & Curry, Metairie, for plaintiffs-appellants.
William F. Wessel, Victoria Lennox Bartels, New Orleans, for defendant-appellee and Bon Marche Pharmacy, Inc. and William Motoyama, appellees and cross-appellants.
Before SAMUEL, SCHOTT and CHEHARDY, JJ.
SCHOTT, Judge.
Plaintiffs Stanley J. Weber, Jr. and Stanley J. Weber, III brought this suit against their tenant Bon Marche Pharmacy, Inc. to collect past due rent and utilities and to evict it from the leased premises for non-payment. The suit was filed on December 5, 1977, and the rule for the possession of the premises was set for December 16. However, on December 7, 1977, plaintiffs cut off the electrical supply to the leased premises on the basis of which defendant filed a reconventional demand for damages against plaintiffs because of their illegal and premature interference with defendant's *522 possession of the premises.[1] William Motoyamo intervened for damages against plaintiffs alleging he was employed by defendant and the illegal eviction caused him to lose wages.
After a jury trial, plaintiffs were awarded $2,000 on the main demand, defendant $2,000 on its reconventional demand against plaintiffs, and Motoyamo $10,000 on his intervention against plaintiffs.
Following the judgment plaintiffs filed a "Motion for Directed Verdict" which the trial judge treated as a motion for a new trial and he set aside the judgment in favor of defendant against plaintiffs. Plaintiffs have appealed from the judgment in favor of Motoyamo and defendant has appealed, seeking to have its judgment against plaintiffs restored and increased. The issues on appeal are the validity of the judgment on plaintiffs' motion for a directed verdict, the adequacy of the amount of the judgment in favor of the defendant and the validity of the judgment in favor of Motoyamo.
Plaintiffs' motion was incorrectly labeled as a motion for a directed verdict. This motion provided for in LSA-C.C.P. Art. 1810 is designed for use during trial and not as a post-judgment remedy. At this stage of the proceedings the parties may avail themselves of Art. 1951's motion for amendment of a judgment and the new trial procedure found in Arts. 1971-1979. The trial judge recognized this when he treated the motion as one for a new trial under Art. 1971. However, he denied the motion for the new trial and at the same time set aside the judgment in favor of defendant against plaintiffs. He had no authority for such action. We have considered whether Art. 1951 would authorize his action, but that article does not authorize an amendment to alter the substance of the judgment. The district judge may grant a limited or unlimited new trial but until it does, it cannot modify its previous judgment as to substance. Rachal v. United States Fidelity & Guaranty Co., 286 So.2d 147 (La.App. 3rd Cir. 1973). Finally, we have considered whether the judgment would be supported by Art. 1813's provisions for remittitur, but Miller v. Chicago Insurance Company, 320 So.2d 134 (La.1975) indicates otherwise. Thus, we have resolved to set aside the judgment on plaintiffs' motion and to consider the original judgment as the one properly before us on appeal.
In June, 1977, Motoyamo purchased all of the stock of defendant corporation. In that connection he signed a note for almost $53,000 and assumed the payment of several debts owed by the corporation. While the records produced in evidence at the trial do not provide a clear picture of the financial status of the corporation at the time plaintiffs' suit was filed, it seems clear that the operation was not profitable. Motoyamo was drawing $2,000 per month salary but it seems that he was simply swapping dollars since he was also paying some of the corporation debts. There is no question but that the rent was owed to plaintiffs at the time the suit was filed but plaintiffs wrongfully and illegally interfered with defendant's possession of the premises by disconnecting the electricity before they obtained a judgment for possession of the premises. It follows that defendant is entitled to damages for plaintiffs' intentional trespass on the leased premises. However, defendant contends that the $2,000 award was so low that it constituted an abuse of the jury's discretion.
In support of this contention, defendant relies on figures indicating that its sales from July to November, 1977, amounted to about $79,000 and expenses for salary, rent, payroll tax, utilities and telephone amounted to just over $28,000. Motoyamo testified that 40% of his sales were the cost of goods sold so that he would have us conclude that he was operating at slight profit. This *523 argument is without merit. The accountant who presented the figures would not vouch for their accuracy and even if they were accurate they did not include other expenses such as insurance, supplies, depreciation on fixtures, advertising, and many other ongoing operating expenses. Furthermore, no allowances were made for debts which were already owed at the time Motoyamo purchased the corporation's stock and which, by his own admission, exceeded $650 per week. One of defendant's creditors held a substantial executory judgment against defendant and withheld execution on the conditions that regular weekly payments would be made, defendant would continue to buy supplies from it on a cash basis and no other creditor would take action against defendant. With the filing of plaintiffs' suit to evict and for past due rent this other creditor was free to execute. The jury was apparently convinced that defendant's situation was quite hopeless and any damages awarded to defendant would simply inure to the benefit of its creditors anyway. Under all these circumstances there was no abuse of discretion on the part of the jury in setting damages in favor of defendant in the amount of $2,000.
As to Motoyamo's individual claim as intervenor, we have noticed on our own motion pursuant to C.C.P. Art. 927 his failure to disclose a cause of action for the damages he claims. His demand was for loss of income in his capacity as an employee of defendant. In this court he first takes the position that plaintiffs have waived this objection because they failed to object to instructions given to the jury relative to Motoyamo's claim. Art. 1793 is designed to preserve the procedural integrity of a jury trial by preventing parties from allowing the case to go to the jury without objecting to instructions and then, if an unfavorable verdict results, objecting after the case has been tried to a conclusion. The article is obviously not available to confer on a party a cause of action when none legally exists.
However, Motoyamo contends that C.C. Art. 2315 is broad enough to confer a legal claim on him for damages under the circumstances. Plaintiffs' action in cutting off the electricity may be viewed as intentional trespass on the right of its tenant to occupy the premises under the lease, but in essence their action constituted a breach of their obligations under that lease. Their intentional tort or trespass caused damage to their tenant, the corporate defendant, but Motoyamo individually was neither the owner nor the tenant and had no right in himself to occupy the premises. Motoyamo cites no authority and we have found none which would provide a cause of action in tort to employees of a corporate defendant for loss of their income when the corporate defendant, as a tenant of leased premises, was unlawfully disturbed in possession of the leased premises.
Accordingly, the judgment in favor of plaintiffs, Stanley J. Weber, Jr. and Stanley J. Weber, III, as plaintiffs, and against Bon Marche Pharmacy, Inc., as defendant, is affirmed; the judgment granting a new trial to plaintiffs and setting aside the judgment in favor of Bon Marche Pharmacy, Inc. as plaintiff in reconvention and against Stanley J. Weber, Jr. and Stanley J. Weber, III as defendants in reconvention, is set aside and the original judgment on the reconventional demand is affirmed; judgment in favor of William Motoyamo as intervenor and against Stanley J. Weber, Jr. and Stanley J. Weber, III, as defendants in intervention, is reversed and set aside and the intervention is dismissed. All costs in the trial court and in this court are assessed against plaintiffs.
AFFIRMED IN PART REVERSED IN PART AND RENDERED.
NOTES
[1] Plaintiffs did not obtain a judgment ordering defendant to vacate the premises until January 6, 1978. There was no appeal from this judgment. The trial on plaintiffs' demand for a money judgment and on the incidental demands took place in October, 1978, and resulted in the judgment now on appeal.