## No. 383

### First Circuit

---

### JACOBS v. LAGRANGE

---

(January 9, 1929.   Opinion and Decree.)

---

Brumby and Bauer, of Franklin, attorneys for plaintiff, appellant.

Borah, Himel, Block and Borah, of Franklin, attorneys for defendant, appellee.

LECHE, J.   Plaintiff's suit is founded upon a claim represented by an open account.   To this demand defendant excepted and pleaded the prescription of three years. After hearing evidence, the trial judge overruled the plea and though no answer had been filed nor default entered, he proceeded at the same time to render judgment in favor of plaintiff for the full amount of her claim.   The trial judge evidently treated the plea of prescription as an answer, and he based his judgment upon the evidence submitted on the trial of that plea.   That judgment appears to have been signed, though neither it nor the record shows that it was read and signed in open court as required by Arts. 543 and 546 of the Code of Practice; Laurent vs. Beelman, 30 La. Ann. 363; Woodlief vs. Logan, 50 La. Ann. 438, 23 So. 716.   The minutes of the court show only that it was rendered in open court on March 21, 1928.

On March 22, 1928, defendant applied for a rehearing.   That application was argued and submitted on March 26, 1928, when it was taken under advisement by the court. On July 3, 1928, the minute entry shows that the application for rehearing was granted and judgment now rendered setting aside and annulling the judgment heretofore rendered and at the same time, judgment was now rendered in favor of defendant, rejecting plaintiff's demand.

It is from the latter judgment that plaintiff prosecutes the present appeal.

Plaintiff both in oral argument and in her brief complains that the trial judge had no right or authority, when he ruled upon the application for rehearing on July 3, 1928, to set aside and vacate his former

judgment without actually again hearing her, and to immediately enter and sign another judgment. In effect she complains that the second judgment was entered without giving her a hearing in accordance with the requirements of due process of law.

Up to the year 1926 rehearings in a trial court were unknown to our system of procedure. A judgment could only be revised, set aside, or reversed by appeal, by action in nullity, by rescission or by a new trial. C. P. 556. The Code of Practice provides in detail the manner of procedure when a new trial is granted. By Article 563 it is provided that when a new trial is granted the cause should again be set on the docket and tried anew. The adoption of Act No. 10, p. 11 of the Acts of 1926, is an innovation in our system of procedure and according to its provisions, a rehearing may now be granted in our trial courts. Obviously the words new trial and rehearing are not synonimous. The word rehearing as understood and construed when applied to appellate court procedure, means to again hear argument, to permit a reargument of the case. In the case of Reed vs. Corlin, 115 La. 137, 38 So. 942, where the Court of Appeal did precisely what the trial judge did in this case, the Supreme Court held that the Court of Appeal was without authority to do so. There appears no reason why the manner of proceeding on an application for rehearing should be different in a trial court from that in an appellate court. The Legislature has not so indicated under the terms of the statute, and the presumption is that an application for rehearing in a trial court should be treated and proceeded with in the same way as in an appellate court.

On the application for rehearing in this case, the question to be decided was whether the rehearing should be granted or refused and nothing more. The judgment might be correct or it might be erroneous, but that question could only be passed upon after a ruling granting the rehearing. The trial judge did not however do this. He did not in terms rule upon the application for rehearing, although his action, by necessary implication, shows that he so intended and that in his opinion the rehearing should be granted. He went further. He set aside his former judgment and proceeded at once to render another and a different judgment.

For these reasons the judgment appealed from should be avoided and set aside and the case remanded to be heard and reargued, and it is accordingly so ordered, defendant to pay costs of appeal; other costs to be taxed on final disposition of the case.