This is an appeal by Metairie Bank in Liquidation from a judgment dismissing for want of prosecution for five years this suit against Emile J. Lecler.
The suit was filed on April 17th, 1935. The sheriff's return shows that domiciliary service was made on Lecler on April 30th, 1935. Judgment as prayed for was rendered by default on June 27th, 1935, and was signed on the same day. Nothing further was done by either party until December 20th, 1940, when Lecler appeared and filed an exception to the jurisdiction of the court, alleging that, at the time of the so called domiciliary service, he had not resided at the place at which the service was *West Page 574 
said to have been made. On the same day, December 20th, 1940, and apparently after the exception to the jurisdiction had been filed, Lecler filed a motion suggesting that the suit be dismissed on the ground "that plaintiff has allowed more than five years to elapse without having taken any steps in the prosecution * * *."
On the same day, December 20th, 1940, judgment was rendered reading as follows: "It is ordered by the court that plaintiff's suit herein against defendant be dismissed at plaintiff's costs."
On January 16th, 1941, plaintiff, by rule nisi, called upon Lecler to show cause why both the exception to the jurisdiction and the motion to dismiss should not be stricken from the record.
This rule was set for hearing, and at the hearing counsel for Lecler asked that the exception to the jurisdiction filed by him be overruled. After argument on the question of whether there had been an abandonment of the suit within the contemplation of Article 3519 of the Civil Code, there was judgment "maintaining the dismissal of this suit", and it is from this judgment that plaintiff bank in liquidation has appealed.
As we have shown, this judgment of dismissal resulted from a motion filed by Lecler suggesting the dismissal because of the effect of Article 3519 of the Civil Code. The second paragraph of that article reads as follows: "Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."
It is the contention of plaintiff that it did not fail to prosecute its demand but that on the contrary, after filing the suit on April 17th, 1935, it proceeded without delay to obtain a final judgment, which was read, rendered and signed on June 27th, 1935, or only a little more than two months after the suit had been filed.
It is conceded that the judgment was rendered and signed in 1935, only a short time after the filing of the suit, but counsel for Lecler maintains that the judgment was not a final one since no notice of it was ever served upon Lecler, and he relies upon Article 624 of the Code of Practice which provides that where a judgment has been rendered against a defendant on whom personal service was not made, execution cannot issue until the expiration of ten days "counting from the notification."
Relying upon the fact that no execution may issue under a judgment rendered on domiciliary service until ten days after the judgment debtor has been notified of the judgment, counsel for Lecler argues that such a judgment is not final until the notification thereof has been made, and that consequently here no final judgment was obtained, and that since five years were allowed to elapse after the signing of the judgment without the issuance of the notice thereof, there has been such a failure to prosecute as justifies the dismissal of the suit under the provisions of Article 3519 of the Civil Code. Counsel for plaintiff concedes that no execution could have issued until after the expiration of the ten day delay after the giving of the notice, but he argues that this does not in any way indicate any lack of finality in the judgment, contending that the giving of notice of the judgment is not a step in the prosecution of the suit but is the initial step in the issuance of execution, and on behalf of plaintiff it is further contended that by the exception to the jurisdiction defendant waived any right which otherwise he may, at that time, have had to contend that by failure to prosecute plaintiff evidenced an intention to abandon the suit.
It thus appears that defendant's principal argument hinges upon the interpretation which should be placed upon the word "final" as it appears in Article 3519 of the Civil Code.
And we think that the word "final" is used in the article to distinguish between a judgment rendered on the merits of the controversy, and one rendered on mere incidental issues arising during the course of the litigation; in other words, an interlocutory judgment. Article 539 of the Code of Practice defines a "final" or "definitive judgment" as "such as decide[s] all the points in controversy, between the parties." And the article further provides that "definitive judgments are such as have the force of res judicata."
And Article 556 sets forth the methods by which such definitive judgments may be revised, set aside or reversed. These are: (1) by a new trial, (2) by appeal, (3) by action of nullity, (4) by rescission.
There is provided by Act 10 of 1926 a further method, which is by application *West Page 575 
for a rehearing, and this is not identical with an application for a new trial. See Jacobs v. Lagrange, 9 La.App. 409, 119 So. 538. So that where a definitive judgment has been rendered it may be attacked only in one of the five methods set forth above. Defendant did not follow any one of these methods but chose, after the judgment had been signed, to attempt, not to reverse the judgment nor to annul it, but to dismiss the suit on a ground not recognized as available unless resorted to prior to the prosecution of the suit to final judgment. It is of course true that, because of the effect of Article 624 of the Code of Practice, defendant always had the right to appeal because such right exists until the expiration of ten days from the service of notice of judgment, and defendant, starting with this premise that he still had the right to appeal, asserts that so long as he had that right, the judgment was not final since the Supreme Court in Cary v. Richardson, 35 La.Ann. 505, said: "Definitive judgments are those adjudications which have acquired the force of res judicata, by which the questions determined are set at rest beyond possibility of revision by appeal."
It is very evident that the court did not intend to say that no judgment is a final one until the right to appeal from it no longer exists. This is plain from a reading of the opinion and also when we consider Article 556 of the Code of Practice, which provides, among other things, that appeals may be taken from "definitive" — which has been defined as meaning — "final" judgments. How absurd it would be, where the Code of Practice permits an appeal from a final judgment, for the Supreme Court to define a final judgment as one which has settled the controversy beyond the possibility of revision by appeal.
We think it clear that what the court meant is that a judgment is a final or definitive one when it settles the issues presented in the main controversy to such an extent that it will have the force of res adjudicata if it is not reversed on appeal.
And there was such a judgment here. All of the issues in the principal controversy were settled. The controversy had terminated so far as the trial court is concerned, and plaintiff had obtained a judgment which became a property right. True enough, plaintiff could not issue execution until it had first given notice that it had obtained a judgment but it nevertheless had a final judgment.
The requirement that notice be given before execution may issue results from a recognition on the part of the lawmakers of the fact that where the litigation has been commenced only by domiciliary service, there is the possibility that the defendant has not actually received the citation and that, in fact, he may have no knowledge that he has been sued and that a judgment has been rendered against him. The lawmakers believed that, because of this possibility, such a defendant should be actually notified that such a judgment has been rendered against him in order that he might avail himself of one of the methods of revision, reversal or annulment referred to. The requirement that such notice be given was not intended to give to the defendant any right to set up any defense which should have been resorted to prior to judgment but to give him only those rights which are accorded to any defendant against whom there has been rendered a judgment which is final so far as the court which rendered it is concerned, and which may be "revised, set aside or reversed" only in one of the methods set forth by law.
We think that plaintiff has obtained a final judgment and that it will prescribe only after the lapse of ten years as provided by Article 3547 of the Civil Code. We thus find it unnecessary to consider whether by the filing of the exception to the jurisdiction of the court, defendant waived the right to attempt to dismiss the suit for want of prosecution. This would otherwise have been an interesting question. See Tulane Law Review, Vol. 13, page 641: "The defendant must file his motion to dismiss for that purpose alone, and if he couples with it any plea to the merits of the case he will be considered as having waived his objection of prescription. Geisenberger v. Cotton, 1906, 116 La. 651, 40 So. 929; Continental Supply Co. v. Fisher Oil Co., 1924, 156 La. 101, 100 So. [64], 65; King v. Illinois Cent. R.R., La.App. 1932, 143 So. 95."
The judgment of dismissal for want of prosecution is annulled, avoided and reversed at the cost of defendant.
Judgment reversed. *West Page 576