This is a suit in which plaintiff as subrogee seeks to recover the amount paid its assured under a contract of insurance for destruction of certain farm machinery by fire allegedly due to the negligence of defendant. Inasmuch as the issues tendered by this appeal are solely concerned with procedural matters, we deem it unnecessary to set forth the facts.
Defendants filed numerous exceptions prior to answer, which appear to have been presented in the following order:
Exception to the citation;
Exception of want of capacity;
Exception to service;
Exception of no cause of action and no right of action.
All the exceptions were overruled and trial on the merits was begun. After tendering evidence in support of its demands plaintiff rested its case, whereupon defendant filed an exception of no right of action and no cause of action, which was sustained, both as to the claim of no right of action and no cause of action, by the Judge of the District Court, who thereupon gave judgment in favor of defendants rejecting plaintiff's demands. From this judgment plaintiff has brought this appeal. Following dismissal of plaintiff's suit a motion for rehearing supported by an assignment of errors was filed on its behalf, which motion was overruled by the lower court. The errors were enumerated as follows:
"(a) The Court erred in permitting the filing of the so-called exception of no right or cause of action at the close of plaintiff's testimony and rendering Judgment thereon.
"(b) The Court erred in considering under said exception so filed and deciding thereon that the plaintiff had no right of action under Act No. 8 of the Third Extra Session of Legislature for the year 1935, for the reason that the plea came too late after the joining of issue by answer and the adducing of testimony, and should have been specially pleaded as an affirmative plea and tried in limine litis.
"(c) The Court erred in holding that there was no cause of action based on the testimony adduced by the plaintiff, and said exception should have been decided solely on the pleadings.
"(d) It was error to dispose of said case under the so-called exception of no right and no cause of action filed at the close of plaintiff's case in chief; as plaintiff was entitled to have the case decided on the merits.
"(e) The Judgment is contrary to the law and the evidence."
The exception of no right of action is based upon the asserted lack of right on the part of plaintiff to prosecute any action before the courts of this State, in view of the provisions of Act No. 8 of the Third Extra Session of 1935, Dart's Code of Practice 112.1, which forbids any foreign corporation doing business in this State to present any judicial demand before any court of the State until it has complied with State laws with respect to doing business. The act further places the burden of proof upon the foreign corporation and stipulates that the only legal evidence of compliance shall be the certificate of the Secretary of State of Louisiana or a duly authenticated copy.
We agree with the argument of learned counsel for plaintiff that the exception of the right and capacity of a foreign corporation to prosecute a suit is in the nature of a special plea which should be filed and disposed in limine litis, under the authority of Hess Warming Ventilating Co. v. Home Comforts Corporation, 205 La. 1045, 18 So.2d 611, and Outdoor Electric Advertising, Inc. v. Saurage, 207 La. 344,21 So.2d 375.
In addition to the authority above set forth we are further persuaded as to the correctness of this position in the instant *Page 506 
case by reason of the fact that upon the refiling of defendants' exception, at the conclusion of plaintiff's case, counsel for plaintiff requested permission of the Court to reopen its case for the purpose of filing the certificate in question. This permission was refused by the Court. We are inclined to feel, under circumstances of this nature and in view of the general relaxation by our courts of super-technical constructions, that the requested permission should have been granted in the interest of justice. At the time defendant had not undertaken presentation of the defense and no prejudice would have resulted. The question was one of simple fact which would have established either compliance or non-compliance with the provisions of the act and had no bearing upon the merits of the case itself.
Unquestionably plaintiff's position with respect to the first contention set forth in its assignment of error is well taken. The point has been well covered in Williams v. Missouri Pac. R. Co. et al., La. App., 6 So.2d 79, certiorari refused by the Supreme Court with statement: "Judgment is correct"; Domite v. Thompson et al., La. App., 9 So.2d 55; Bartholomew v. Impastato, La. App., 12 So.2d 700, 703, certiorari refused.
The gist of the holdings in the above cases should definitely set at rest any idea on the part of practicing attorneys before the Courts of Louisiana that any equivalent of the common law procedures with respect to motions for judgment on the plaintiff's evidence, directed verdicts and demurrers to evidence is sanctioned under Louisiana procedure. This particular point was emphasized in the opinion of Judge McCaleb in the Bartholomew case, cited supra. This further pointed out the only correct procedure as follows: "If the defendant doubts the sufficiency of the evidence submitted by plaintiff to sustain his demand and does not see fit to contradict the evidence which has been submitted, he unquestionably has the right to have the court determine the sufficiency of plaintiff's evidence by resting his case. In such instances, ajudgment should be rendered on the merits in favor of one side or the other — but not on an exception of no cause of action
— for that exception challenges the legality of the cause alleged and does not pertain to the trial on the merits." (Emphasis supplied.)
Under our prescribed procedure the justice of this position is unassailable. Here the defendants appear to seek, by unorthodox and unauthorized procedure, two opportunities to secure a favorable judgment where, in all fairness, only one is allowed.
It is too well established by the jurisprudence of our State to necessitate discussion that the exception of no right of action permits the introduction of evidence in its support but that the exception of no cause of action is aimed solely at plaintiff's pleadings, all well pleaded matters being taken as true, and admits of no evidence in connection with its consideration.
It is quite true that the exception of no cause of action may be filed at any time before final judgment, even when a matter is pending before an appellate court, but this right has no effect on the consideration as to the impropriety of the use of such an exception in the manner presented herein.
For the reasons set forth we have no hesitancy in concluding that the judgment sustaining defendants' exception of no right of action and no cause of action and dismissing plaintiff's suit is in error.
Defendant here continues to urge the other exceptions which were tendered in limine and which are noted above, which generally were based upon the propositions that defendant is a legal nonentity, non sui juris, and, accordingly, could not be cited, served nor stand in judgment, and, as a consequence, the purported service upon "W. B. Inabnet, Pres." was ineffective.
The learned Judge of the District Court relied upon a recent decision of this Court in Rea v. Dow Motor Co., La. App.,36 So.2d 750, as authority for overruling the exceptions noted.
We think the evidence taken on trial of these exceptions prior to the opening of trial amply sustains the conclusion of the District Court and thoroughly justifies the application of the rule enunciated in the *Page 507 
Rea case to the effect that service and citation on a partnership doing business under a trade name is sufficient to support judgment.
The only point which remains to be considered is the contention of plaintiff that defendant, by virtue of the choice of relying upon the exceptions filed at the conclusion of plaintiff's case, has, in effect, forfeited his right to present evidence and, as a consequence, it is urged that this court pronounce final judgment in favor of plaintiff on the basis of the record as made up.
Counsel for defendant vigorously contends that in any event he is entitled to judgment remanding the case for completion of trial on the merits.
Obviously both parties to this litigation have come perilously near to being hoist upon their own petards. Inasmuch as we have refrained in the interest of justice from applying highly technical and severely strict interpretations with respect to cutting off the rights of one party, we think, in all fairness, we are compelled to pursue the same course with respect to the other. Accordingly, we are firm in the conviction that this matter can only be justly determined after full opportunity has been extended to both sides to substantiate their respective claims.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside, and it is now ordered that this cause be, and it is hereby, remanded to the Honorable the Fourth Judicial District Court in and for the Parish of Ouachita, Louisiana, for further proceedings consistent with the views herein expressed.
 On Application for Rehearing