HALL, Judge.
This is an appeal by plaintiff from a summary judgment which dismissed his suit against Connecticut General Life Insurance Gompany, a co-defendant herein.
On June 25, 1962 plaintiff, an orthopedic surgeon of the City of New Orleans, filed suit against Melvin Y. Hudson and Connecticut General Life Insurance Company in solido to recover $7,500.00 for medical services rendered to Hudson’s minor son. The petition alleges that Hudson, as an ■employee of the Gulf Refining Company was, together with his dependents, covered by a “group comprehensive expense insurance policy” written by Connecticut General. It is alleged that Hudson “retained” plaintiff to treat his son. The petition lists in detail the extensive medical services rendered to the boy by the plaintiff and then ■contains the following allegation, which constitutes the focus of the present controversy :
“9
“That the aforementioned medical procedure was performed with the complete consent and authorization of said Connecticut General Life Insurance Company.”
On October 1, 1962 Connecticut General filed a rule for a summary judgment under the provisions of LSA-C.C.P. Article 966 on the ground “that there being no privity of contract between mover and plaintiff, the petition insofar as Connecticut General Life Insurance Company is concerned discloses no right or cause of action and there is no genuine issue as to any material fact alleged in plaintiff’s petition.”
In order to show that in fact there had been no “consent and authorization” by the company for the petitioner’s medical services, Connecticut General filed affidavits by the Regional Manager and by the Assistant Secretary of the Claims Department to the effect that they were familiar with the facts and circumstances of the claim being asserted by plaintiff and that to the best of their knowledge and belief no consent or authorization was given by the company to the petitioner to perform the services rendered by him.
Plaintiff filed no affidavits or other evidence in opposition to the rule, apparently relying on the allegations contained in his petition. On November 8, 1962 the District Judge rendered judgment denying Connecticut General’s motion for summary judgment.
On November 13, 1962, the company filed a rule to show cause why a new trial should not be granted on its motion for summary judgment.
The rule for a new trial came on for hearing on December 7, 1962 and was submitted to the Court. On January 15, 1963 a judgment was rendered which annulled the prior judgment, granted a new trial, granted the motion for summary judgment, and dismissed plaintiff’s suit as to Connecticut General Life Insurance Company. It should he made clear that all of these things *272 were done in the same judgment, with no time interval between the granting of the new trial and the rendition of the summary judgment.
On January 21, 1963 plaintiff filed a motion for a new trial which was denied on April 15, 1963. Plaintiff thereupon appealed from the judgment of January 15, 1963. At no time up to this appeal has plaintiff produced any affidavits or other evidence in opposition to the company’s affidavits.
Appellant contends that there is presented here a genuine issue as to a material fact, and that the mere fact that the company’s affidavits were not opposed by his own affidavits is not sufficient to show, in view of the allegations of the petition, a lack of dispute as to the material fact such as would authorize the rendition of a summary judgment. Appellant further contends that the District Court erred when it granted the new trial and at the same time reversed its former ruling and rendered the summary judgment without ever setting the new trial down for hearing.
Since we are of the opinion that the Court erred in reversing its judgment without conducting the new trial which it had granted any consideration of the merits of the controversy before the new trial is held would be premature on our part.
Article 1977 of the Code of Civil Procedure (LSA-C.C.P. Art. 1977) provides:
“Art. 1977. When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court.”
This article was carried over from the Code of Practice of 1870, Art. 563, without substantial change. Under the Code of Practice Article it has been clearly held error for trial court, after granting a new trial or a rehearing, to set aside his former judgment and proceed immediately to render another and different judgment. The case must again he set for trial or hearing because the only question presented for deci-. sion on a rule for a new trial or rehearing is whether the same shall be granted or refused and nothing more. See State ex rel. Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 So. 438; Jacobs v. Lagrange, 9 La.App. 409, 119 So. 538.
In the present case the Court had the right in its discretion to grant a new trial, but after granting it the Court erred in rendering a judgment contrary to the first judgment without reassigning the case for trial.
For the foregoing reasons the judgment appealed from is annulled and set aside in all respects save as to that part thereof which granted a new trial, and the case is remanded for the purpose of conducting the new trial and for further proceedings according to law, not inconsistent with the views herein expressed; costs of this appeal to be borne by appellee, all other costs to await final determination of the cause.
Judgment annulled and set aside in part, and cause remanded.