CULPEPPER, Judge.
This is a suit for damages for the loss of a cotton crop. The plaintiffs are Ferdie Joseph, tenant farmer who was raising the cotton, and Dorestant Fontenot, owner and lessor of the land on which the crop was planted. The defendants are Tri Parish Flying Service, Inc., operator of the airplane which allegedly sprayed the chemical on the cotton, and Raymond Bertrand, owner of the rice farm being sprayed near plaintiffs’ cotton field.
At the trial on the merits, the plaintiffs completed the presentation of their evidence, after which counsel for defendant stated to the court: “I would like to file in open court an exception of no right or cause of action and also move for summary judgment.”[1] The trial judge sustained the exception of no cause of action, stating that “the plaintiffs have failed to prove their case. * * * ”[2]. From a judgment dismissing their suit, plaintiffs appealed.
We do not reach a consideration of this case on the merits, for we have decided the judvment appealed must be reversed on procedural grounds.
It is now well established by our jurisprudence that an exception of no cause of action cannot be used to test the sufficiency of plaintiffs’ evidence to prove a cause of action which he has properly pleaded. Williams, et al. v. Missouri Pacific Railroad Company, 6 So.2d 79 (La. App. 2nd Cir. 1941, certiorari denied); Bartholomew v. Impastato, 12 So.2d 700 (Orl.App. 1943); Domite v. Thompson, 9 So.2d 55 (La.App. 2nd Cir. 1942); Home Insurance Company of New York v. I. R. & G. Company, et al., 43 So.2d 504 (La.App. 2nd Cir. 1949) ; Kennedy v. Perry Timber Company, 219 La. 264, 52 So.2d 847 (1951); Roy O. Martin Lumber Company v. St. Denis Securities Company, 225 La. 51, 72 So.2d 257 (1964); Kline v. Dawson, 230 La. 901, 89 So.2d 385, footnote 1, at page 387 (1956); Fister v. Fister, 131 So.2d 103 (La.App. 3rd Cir. 1961); Pflieger v. Haws, 180 So.2d 892 (La.App. 1st Cir. 1965).
In Bartholomew v. Impastato, supra, with then Judge, now Justice, McCaleb, as the organ of the court, it is stated:
“Motions for judgment, directed verdicts and demurrers to evidence are procedural pleadings of the common law which are unknown in our system. See Williams v. Missouri Pac. R. Co., supra. And, they may not be invoked in Louisiana *323 by disguising them with the label of exception of no right or cause of action. If the defendant doubts the sufficiency of the evidence submitted by plaintiff to sustain his demand and does not see fit to contradict the evidence which has been submitted, he unquestionably has the right to have the court determine the sufficiency of plaintiff’s evidence by resting his case. In such instances, a judgment should be rendered on the merits in favor of one side or the other — but not on an exception of no cause of action — for that exception challenges the legality of the cause alleged and does not pertain to the trial on the merits.”
It is true that most of the above cited cases were decided before the adoption of our new Code of Civil Procedure in 1960. However, the new code, like the old Code of Practice, makes no provision for a procedural device similar to the motion for directed verdict or demurrer to the evidence, used in many common law jurisdictions. It thus appears that the redactors of our new code have made a deliberate policy choice not to change the law in this regard.[3].
We are aware that the exception of no cause of action is a peremptory exception, LSA-C.C.P. Article 927, and LSA-C.C.P. Article 928 provides “The peremptory exception may be pleaded at any stage of the proceedings in the trial court prior to a submission of the case for a decision.” Also, we recognize jurisprudence has developed the rule that where the exception of no cause of action is filed after evidence has been introduced without objection, such evidence may be considered as enlarging the pleadings. Pfleiger v. Haws, supra, and the authorities cited therein. However, in the present case it is not contended that there is any deficiency in plaintiffs’ pleadings, either in the petition as originally filed or as enlarged by evidence admitted without objection. Instead, the defendant seeks, by this exception of no cause of action, a decision on the merits that plaintiff has failed to introduce sufficient evidence to sustain his burden of proof. The exception cannot be used for this purpose.
In Home Insurance Company of New York v. I. R. & Go. Company, et al., 43 So.2d 504 (La.App. 2nd Cir. 1949) the court reached this same conclusion, holding:
“It is quite true that the exception of no cause of action may be filed at any time before final judgment, even when a matter is pending before an appellate court, but this right has no effect on the consideration as to the impropriety of the use of such an exception in the manner presented herein.”
Although we conclude that the judgment, sustaining defendant’s exception of no cause of action and dismissing plaintiffs’ suit, must be reversed, we think that in the interest of justice and equity the case should be remanded to the district court for a completion of the trial and other proceedings according to law.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for the completion of the trial and further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants appellees.
Reversed and remanded.

. These pleadings were not made in writing as required by LSA-C.C.P. Article 852, although the grounds therefor were stated in oral argument before the district court and have been transcribed and made a part of the record, all without objection. We pretermit the question of whether this defect of form can be or has been waived, for the procedure used is clearly improper on other grounds.

. The “Reasons for judgment” indicate the motion for summary judgment was also sustained. But the decree in the judgment sustains only the exception of no cause of action. The motion for summary judgment is clearly improper. In addition to being defective because not in writing, such a motion must be filed before the trial on the merits. Frank v. Great American Insurance Company, 196 So.2d 50, (La.App.3rd Cir. 1967).

. XjSA-O.G.P. Article 931 expressly provides in pertinent part that “No evidence may be introduced at any time to support or controvert the objection that the petition fails tó state a cause of action.”