306 So.2d 469 (1975)
Kenneth E. PICKERING
v.
The HIBERNIA NATIONAL BANK, as curator of Mrs. Marguerite Sampson, widow of Joseph A. Airey, Sr.
No. 6575.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
*470 Kehl & Pickering, Kenneth E. Pickering, New Orleans, for plaintiff-appellant.
Jacob H. Morrison, New Orleans, for defendant-appellee.
Before LEMMON, STOULIG and MORIAL, JJ.
MORIAL Judge.
Plaintiff sued the Hibernia National Bank, curator of the property of an interdict, for attorney's fees for having defended his right to retain possession of an olographic will. The will was deposited with plaintiff prior to the interdiction of the testator. Our Supreme Court affirmed the holding of the district court and this court that Hibernia had a right to possession of the will. See: Airey v. Airey, 250 So.2d 52 (La.App. 4 Cir. 1971); 262 La. 383, 263 So.2d 330 (La.1972).
The district court rendered judgment for the plaintiff on March 13, 1974. Defendant filed a motion for a new trial, which motion was heard on March 29, 1974, and taken under advisement by the district court. On April 4, 1974 the district court granted the motion for a new trial "for the sole purpose of allowing the court more time for further consideration of the subject matter of the suit." Without assigning the case for new trial, the court reversed itself and rendered a "corrected judgment" on April 5, 1974, dismissing plaintiff's suit. Plaintiff appeals the "corrected judgment."
The threshold question is whether or not the district court erred in reversing itself and rendering a "corrected judgment" without conducting the new trial which it had granted. We conclude, for the following reasons, that the district court did err. Therefore, to consider the merits of the controversy before a new trial is held would be premature on our part.
The "corrected judgment" of April 5, 1974 is a complete nullity. It is contrary to LSA-C.C.P. Article 1951, which provides:
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
Loomis v. Connecticut General Life Insurance Co., 160 So.2d 270 (La.App. 4 Cir. 1964) is dispositive of the fundamental issue. In Loomis, this court stated at page 272:
"* * * This article [LSA-C.C.P. Article 1977][1] was carried over from the Code of Practice of 1870, Art. 563, without substantial change. Under the Code of Practice Article it has been clearly held error for trial court, after granting a new trial or a rehearing, to set aside his former judgment and proceed immediately to render another and different judgment. The case must again be set for trial or hearing because the only question presented for decision on a rule for a new trial or rehearing is whether the same shall be granted or refused and nothing more. See State ex rel. Shreveport Cotton Oil Co. v. Blackman, Judge, 110 La. 266, 34 So. 438; Jacobs v. Lagrange, 9 La.App. 409, 119 So. 538."
Having granted the new trial, the district court erred in rendering a judgment contrary to the first judgment without assigning the case for hearing or reargument as required by LSA-C.C.P. Article 1977.
The judgment of the district court appealed from is annulled and set aside. The *471 case is remanded for the purpose of conducting a new trial and for further proceedings according to law, not inconsistent with the views herein expressed. Costs of this appeal to be borne by appellee, all other costs to await final determination of the cause.
Judgment annulled and set aside and case remanded.
Annulled, set aside, and remanded.
NOTES
[1] "When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court."