ON MOTION TO DISMISS
Before LEMMON, BOUTALL and GARRISON, JJ.
LEMMON, Judge.
This matter is before the court on a motion to dismiss a suspensive appeal.
This action commenced with a petition for a writ of mandamus, seeking to have the Recorder of Mortgages cancel a Notice of Lis Pendens recorded by Angelo Marsal-one in C.O.B. 2313, folio 671 in connection with other litigation between the parties. Although the petition sought cancellation only insofar as the inscription affected the immovable property at 444 Broadway, the prayer demanded cancellation of the entire inscription.
On December 7, 1978 the trial court rendered the following judgment:
“IT IS ORDERED, ADJUDGED AND DECREED that the alternative writ of mandamus be made peremptory; and accordingly, Francis J. Demarest, Recorder of Mortgages for this Parish, is directed to cancel the inscription in C.O.B. 2313, Folio 671 of the public records of this parish of the Notice of Lis Pendens filed by Angelo Marsalone on June 29, 1978”.
Marsalone applied for a new trial, and after a hearing on the application the trial court on December 15, 1978 rendered the following judgment:
“IT IS ORDERED, ADJUDGED AND DECREED that the judgment formerly rendered on December 7,1978 be clarified to read as follows:
“ ‘IT IS ORDERED, ADJUDGED AND DECREED that the Writ of Mandamus be made peremptory; and accordingly, Francis J. Demarest, Recorder of Mortgages for this Parish, is directed to cancel the inscription in C.O.B. 2313, Folio 671 of the public records of this parish of that part of the Notice of Lis Pendens filed by Angelo Marsalone on June 29, 1978 which pertains to the property located at 444 Broadway [the rest of said Notice of Lis Pendens, i. e., that pertaining to 1428 Bourbon Street, to remain in full force and effect]. All cost? of this proceeding are to be paid by Angelo D. Marsalone.’
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant’s motion for a new hearing be and is hereby denied”.
On January 24, 1979 Marsalone obtained an order for a suspensive appeal and furnished the required security. Defendant thereafter moved to dismiss the suspensive appeal as untimely filed.
Defendant contends that the judgment of July 15 was merely a clarification of the earlier judgment which altered the phraseology of that judgment, but not the substance, and that the 30-day delay provided by C.C.P. art. 2123 for taking a suspensive appeal began to run on December 16, 1978, the day after the court’s refusal to grant the application for new trial.
The December 7 judgment ordered cancellation of the entire inscription in C.O.B. 2312, folio 671. At the December 15 hearing on the application for new trial, the trial court clearly intended to modify the earlier judgment by ordering cancellation only insofar as the inscription pertained to the property located at 444 Broadway. However, the court could not do so pursuant to C.C.P. art. 1951, because the modification imposed was clearly one of substance. The court could only modify the earlier judgment by granting a new trial, and although the court did not do so in form, it did so in substance, and the judgment must be so construed.
Thus, the judgment of December 15 in effect set aside the December 7 judgment and granted a new triál. The court then rendered a new judgment, from which either party could have applied for a new *920 trial.[1] Accordingly, the delay for taking a suspensive appeal did not begin to run until the delay for applying for a new trial elapsed on December 27,1978, and the petition for suspensive appeal was timely filed.
The motion to dismiss the suspensive appeal is denied.

MOTION DENIED.

. Since the only question before this court is the timeliness of the suspensive appeal, we do not address the issue of whether the trial court, after implicitly granting a new trial, properly proceeded to render immediately a new and different judgment without assigning the matter for hearing on the new trial. See C.C.P. art. 1977; Pickering v. Hibernia National Bank, 306 So.2d 469 (La.App. 4th Cir. 1975).