426 So.2d 759 (1983)
Alan M. MITCHELL, Plaintiff-Appellee,
v.
Doyle WINDHAM, et al., Defendants-Appellants.
No. 82-531.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
*760 Stafford, Stewart & Potter, Larry Stewart, Alexandria, for defendants-appellants.
J.P. Mauffray, Jr., Jena, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Following a trial by jury and a verdict for the defendants, the trial judge granted a motion for a new trial on behalf of plaintiff. At the same hearing when the motion for new trial was granted, the court proceeded immediately to direct a verdict in favor of plaintiff as to liability, then set a date for a new trial as to quantum alone. The defendants appealed from the judgment directing a verdict as to liability. We annul and set aside the directed verdict, and remand the case for a new trial as ordered by the district court.
The procedural history which brings this case before us began when Alan M. Mitchell filed a suit against Doyle Windham, former Sheriff of LaSalle Parish, and his insurer, North River Insurance Company, based on illegal arrest and false imprisonment. The case arose out of an alleged illegal arrest by the authorities in LaSalle Parish based on a fugitive warrant out of Oklahoma, followed by an alleged detention beyond 72 hours without a hearing. Both sides prayed for a jury. After one mistrial, the case was tried by a jury. The result was a verdict for defendants.
On the same day that the jury verdict was rendered, March 25, 1982, the district court signed a judgment in favor of defendants dismissing plaintiff's suit. Plaintiff immediately filed a written motion praying that a new trial be granted, and that a directed verdict or summary judgment be granted in plaintiff's favor as to the issue of liability. The court ordered defendants to show cause on April 26, 1982, why a new trial should not be granted and why judgment should not be directed in favor of Alan Mitchell and against the defendants.
These rules were heard on the assigned date, and the trial court immediately signed the judgment, dated April 26, 1982, granting a new trial. This judgment further ordered, adjudged and decreed "that there be judgment directed herein in favor of Alan M. Mitchell ... on the issue of liability." The judgment closed by setting a date for trial on the issue of quantum.
Defendants recognize that they have no appeal from the granting of a new trial. Their appeal is from the directed verdict finding them liable. Defendants urge us to annul and set aside the directed verdict, which we are going to do for the reasons about to be given. Defendants then request of us, after we have set aside and annulled the directed verdict, to decide rather than remand the case, since the entire record of the jury trial is before us. This we cannot do, for reasons which we will also hereafter explain.

Nullity of the Directed Verdict
The plaintiff's post-judgment motion for a new trial included a motion for "a directed verdict or summary judgment" as to liability. The court granted a new trial, then directed a verdict finding defendants liable. The trial court had authority in its discretion to grant a new trial, but it did not have the authority to grant either a directed verdict or summary judgment in that procedural setting, for several reasons.
A directed verdict is designed for use during trial and not as a post-judgment remedy. Weber v. Bon Marche Pharmacy, Inc., 378 So.2d 520 (La.App. 4th Cir.1979), writ denied 381 So.2d 1220 (La.1980). If the action taken by the trial court is treated as a summary judgment (as appellee calls it on appeal), it was unauthorized for the same reason: the motion for a summary judgment is not a post-judgment remedy. It must be tried and disposed of before trial. Joseph v. Tri Parish Flying Service, Inc., 201 So.2d 321 (La.App. 3rd Cir.1967); Frank v. Great American Insurance Co., 196 So.2d 50 (La.App. 3rd Cir.1967), writ denied, 250 La. 739, 199 So.2d 180 (1967).
Additionally, LSA-C.C.P. art. 1977 provides:

*761 "Art. 1977. When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court."
This procedural rule, dating back to the Code of Practice of 1870, Article 563, has been consistently applied to mean that when a trial court grants a new trial or a rehearing, which amounts to a setting aside of the former judgment, it cannot proceed immediately to render another and different judgment. The case must again be set for trial or hearing, because the only question presented for decision on a rule for a new trial or rehearing is whether the same shall be granted or refused and nothing more. State ex rel. Shreveport Cotton Oil Company v. Blackman, Judge, 110 La. 266, 34 So. 438 (La.1903); Jacobs v. Lagrange, 9 La.App. 409, 119 So. 538 (La.App. 1st Cir. 1929); Loomis v. Connecticut General Life Ins. Co., 160 So.2d 270 (La.App. 4th Cir. 1964); and Pickering v. Hibernia National Bank, 306 So.2d 469 (La.App. 4th Cir.1975).
Thus, the only question before the court was whether a new trial should be granted or refused, and nothing more. It was error for the court to have set aside its former judgment based on a jury verdict (by the grant of a new trial) and to have proceeded at once to render another and a different judgment.
For these reasons the directed verdict must be annulled and set aside.

Remand
Appellants urge us not to remand but to decide the case on the merits, pointing out that the entire record of the jury trial is before us and citing La.C.C.P. art. 2164 and Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
The record of the jury trial is in our hands, but the status of the case on the trial level is that a new trial is pending. Gonzales v. Xerox Corporation, supra, does not apply in this situation because we do not have a final judgment of the trial court on appeal before us. The original judgment of the trial court was set aside and vacated when a new trial was granted. Carrier Leasing Corp. v. Ready-Mix Cos., Inc., 372 So.2d 601 (La.App. 4th Cir.1979). For us to decide this case on the merits would require us, in effect, to set aside the trial court's granting of a new trial, reinstate the original judgment based on the jury verdict, and treat the entire case as an appeal from the original judgment on behalf of the plaintiff rather than defendants.
The instant case is to be distinguished from Riddle v. Menard, 355 So.2d 1350 (La. App. 3rd Cir.1978) and Kaplan v. Missouri-Pacific Railroad Company, 409 So.2d 298 (La.App. 3rd Cir.1981). In both those cases the trial courts refused to grant a new trial although they stated on the record that the judgment was wrong and should be corrected. This circuit took those cases and decided them, because there was an appealable judgment before us, the record was before us, and the question of a new trial was moot at that point. The instant case is different, of course, because a new trial has been granted, and we are powerless to intervene.
The judgment of the district court appealed from is annulled and set aside in all respects save as to the part thereof which granted the new trial, and the case is remanded for the purpose of conducting the new trial and for further proceedings according to law, not inconsistent with the views herein expressed; costs of this appeal to be borne by appellee. All other costs are to await final determination of the case.
Judgment annulled and set aside in part, and cause remanded.