442 So.2d 590 (1983)
James ABNEY
v.
ALLSTATE INSURANCE COMPANY and Jerry Brandin Construction Company.
No. 83 CA 0138.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Robert W. Drouant, New Orleans, for plaintiff-appellant.
Lawrence J. Duplass, New Orleans, George Scariano, Metairie, for defendant-appellee.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiff appealed the finding by jury of no breach of Allstate's homeowner's policy and the trial court's judgments granting Allstate's contractor's exception of no right or cause of action and first accepting and then amending the jury verdict.
The issues on appeal are: 1) the grant of Allstate's contractor's exception of no right or cause of action, 2) the amendment of the judgment, 3) the breach of Allstate's homeowner's policy, 4) the date from which interest should run, and 5) the assessment of costs.
We reverse and remand.
Plaintiff's home was damaged by fire. Allstate, his homeowner's insurer, sent an adjuster who inspected the damage and contracted with Jerry Brandin Construction *591 Company (Brandin) to make the necessary repairs at a cost of $10,398.38.
Approximately two weeks after work had begun, plaintiff became dissatisfied with the quality of the work and the failure to remove all charred building materials. He complained but was assured the problem would be taken care of. However, after checking again on the progress, plaintiff was still dissatisfied and at a meeting advised he no longer wanted Brandin on his property.
Plaintiff later contracted with Snap Cabinets to repair his home at a cost of $10,800.00.
Plaintiff submitted a proof of loss in March of 1981 requesting $16,319.37 for repairs to the structure, $3750.00 for six months living expenses of $625.00 per month, $890.00 for replacement of household appliances, $1008.00 for fourteen days of lost work and $8032.63 for damage to contents. Allstate tendered checks in "final settlement" in May of 1981 in the amounts of $2616.53 for contents, $850.00 for living allowance and $5975.63 for repairs to the structure, representing the difference between Brandin's total estimate and the amount paid Brandin for the work it did.
Plaintiff filed suit against Allstate and Brandin requesting damages and expenses incurred. Brandin was dismissed on an exception of no cause or right of action and the jury returned a verdict for Allstate, finding that Allstate did not breach its contract with plaintiff. Plaintiff then filed a motion for new trial and/or additur. The trial judge awarded plaintiff $9442.16, the amount tendered by Allstate prior to trial.[1]
Plaintiff argues that the trial court erred in granting Brandin's exception of no right or cause of action alleging that a cause of action is stated in tort, quasi-contract or with plaintiff as a third party beneficiary of the agreement between Allstate and Brandin.
Plaintiff's petition states that Allstate engaged Brandin to repair plaintiff's home and that those repairs were not made using accepted standards of the trade. A person may make an advantage for a third person the condition or consideration of his contract. La.C.C. art. 1890. The obligation to repair, in the contract between Allstate and Brandin, was for the benefit of plaintiff. We find that plaintiff has stated a cause of action as a third party beneficiary of the Allstate-Brandin agreement. Once a cause of action is stated as to any ground or portion of a demand, the exception of no cause of action must be overruled. Miller v. McDonald's Corporation, 415 So.2d 418 (La.App. 1st Cir.1982).
This portion of the decision is reversed and remanded for further proceedings.
We find no basis to sustain an exception of no right of action.
Plaintiff next argues that the trial court erred in failing to grant him a new trial and in amending the verdict by awarding him the amount tendered by Allstate. We agree.
The amended judgment made a substantive change in the decision by ordering Allstate to pay plaintiff $9442.16. Such a change is not allowed under La.C.C.P. art. 1951[2] and the proper recourse is timely application for a new trial or timely appeal if both parties do not agree to the change. Villaume v. Villaume, 363 So.2d 448 (La. 1978).
Allstate argues that a judge can make a substantive amendment after appropriate contradictory proceedings. Plantation Acceptance Corporation v. Stone, 379 So.2d 782 (La.App. 4th Cir.1979), writ denied, 383 So.2d 24 (La.1980).
*592 The record does not contain a transcript of the hearing on plaintiff's motion, but plaintiff's brief stated that during his argument for a new trial, the trial court stopped plaintiff's attorney and told Allstate's counsel to prepare the amended judgment. The minute entry shows that the case was argued only on the motion for new trial.
While a substantive amendment may be made after appropriate contradictory proceedings, we find that in the absence of evidence of argument of the amendment or stipulation by the parties, the proceedings held were inappropriate.
We have determined that the trial judge effectively granted a new trial and rendered a judgment at the hearing on the motion. If granted, the case must be assigned for hearing in accordance with the rules and practice of the court. La.C.C.P. art. 1977;[3]Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir.1983).
We do not have a final judgment before us since a new trial is pending. The original judgment was vacated when the new trial was granted. Mitchell v. Windham, supra. Therefore, the case must be remanded for further proceedings.
We need not reach the other issues.
For these reasons, the judgment dismissing Brandin on an exception of no cause of action is reversed and the amended judgment is vacated. The case is remanded to the trial court for further proceedings consistent with these findings. Costs are to be paid by the defendants.
REVERSED AND REMANDED.
NOTES
[1] Allstate in its brief, agreed that plaintiff was entitled to this amount.
[2] La.C.C.P. art. 1951:

A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
[3] La.C.C.P. art. 1977:

When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court.