KNOLL, Judge.
Defendant appeals from a judgment granting plaintiff an additur and from a separate judgment denying defendant’s motion for a new trial. We remand.
The issues on appeal are:
(1) Whether the trial court erred in granting the plaintiff an additur when defendant opposed the additur to the jury verdict.
(2) Whether, in the interest of judicial economy, the appellate court should decide the question of quantum if the trial courts’ judgments are reversed.
Murphy Lemalle filed suit against Winn-Dixie Louisiana, Inc. for back, neck and shoulder injuries suffered by him in a slip and fall in the Winn-Dixie store in Ville Platte on March 9,1982. A twelve member jury apportioned fault 23% to plaintiff and 77% to defendant, and awarded the following damages:
Physical pain & suffering $2,500
Shock, mental pain & anguish 2,500
Medical expenses 1,543
Loss of earnings 1,000
TOTAL $7,543
After a formal judgment was signed in accordance with the jury’s findings, the plaintiff filed a “Motion to Set Aside the Jury Verdict and Enter a Judgment Notwithstanding said Verdict and Alternatively for a New Trial to be granted only because of the Inadequacy of the Verdict.” The trial court denied plaintiff’s motion for judgment n.o.v., but granted plaintiff’s motion for a new trial. Without conducting a new trial, the court unilaterally entered judgment increasing the jury verdict from $7,543.60 to $22,543.60.
The defendant then filed a motion for a new trial on the basis that it had not consented to the court ordered additur. This motion was also denied.
ACTION OF THE TRIAL COURT
We find no abuse of the trial court’s discretion in its grant of plaintiff’s motion for a new trial limited to the issue of quan- *416 turn. LSA-C.C.P. Art. 1971 et seq. authorizes a trial court to grant a new trial on all or part of the issues where the judgment appears clearly contrary to the law and the evidence or if there is good ground therefor. However, our law, substantive and/or procedural, does not authorize a trial court to unilaterally increase a jury award. If the trial court determines that a jury award is so excessive or inadequate such that the award is contrary to the law and evidence, the court may order a new trial pursuant to LSA-C.C.P. Art. 1971 et seq. or enter a remittitur or additur, or in the alternative a new trial pursuant to the provisions of LSA-C.C.P. Art. 1814. We do not consider LSA-C.C.P. Art. 1814 as superceding the general grant of authority of LSA-C.C.P. Art. 1971 et seq., but rather the provisions of Art. 1814 provide an additional remedy where the trial court is of the opinion that a verdict is so excessive or inadequate that a new trial should be granted for that reason only.
The record in the instant case makes clear that the trial court granted a new trial, limited to the issue of quantum, pursuant to LSA-C.C.P. Art. 1971 et seq. The new trial was not granted as an alternative to additur pursuant to LSA-C.C.P. Art. 1814, as the trial court did not grant the defendant the option of electing an additur as an alternative to the new trial. As aforestated, we find that the trial court was clearly within its authority to grant a new trial limited to the issue of quantum, but was clearly without authority to unilaterally order an increase in the jury’s verdict.
LSA-C.C.P. Art. 1977 provides:
“When a new trial is granted, it shall be assigned for hearing in accordance with the rules and -practice of the court. ”
In Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir.1983), we stated the following with regard to the above quoted article:
“This procedural rule, dating back to the Code of Practice of 1870, Article 563, has been consistently applied to mean that when a trial court grants a new trial or a rehearing, which amounts to a setting aside of the former judgment, it cannot proceed immediately to render another and different judgment. The case must again be set for trial or hearing, because the only question presented for decision on a rule for a new trial or rehearing is whether the same shall be granted or refused and nothing more. State ex rel. Shreveport Cotton Oil Company v. Blackman, Judge, 110 La. 266, 34 So. 438 (La.1903); Jacobs v. Lagrante, 9 La.App. 409, 119 So. 538 (La.App. 1st Cir.1929); Loomis v. Connecticut General Life Ins. Co., 160 So.2d 270 (La.App. 4th Cir.1964); and Pickering v. Hibernia National Bank, 306 So.2d 469 (La.App. 4th Cir.1975). ”
For the above reasons, we determine that the trial court judgment of June 3, 1983, insofar as it granted a new trial limited to the issue of quantum, is valid and should be affirmed. However, such judgment, insofar as it orders an increase in the jury’s award, is absolutely null and without effect.
REMAND
Plaintiff and defendant have joined in their request that this ⅛ court decide this case on the merits in the interest of judicial economy. In support of their request they point out that the entire record of the jury trial is before us and cite Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
In oral argument, defendant contended that the trial judge did not grant a new trial but only an additur. We disagree. Although the trial court’s oral reasons for denying plaintiff’s motion for judgment n.o.v. and its decision to grant an increase of the jury verdict do not indicate that he granted a new trial, the formal judgment of the court signed on June 3, 1983 clearly states that a new trial was granted solely on the issue of inadequacy of the jury award. No one has attacked the wording of the trial court’s formal judgment granting a new trial.
*417 A judgment is the solemn adjudication of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Allen v. Commercial National Bank in Shreveport, 147 So.2d 865 (La.1962).
Therefore, the status of this case on the trial level is that a new trial is pending on the issue of quantum. Gonzales, supra, and its progeny are inapplicable because we have not been presented with a valid final judgment of the trial court on the issue of quantum. When the trial court granted a new trial limited to the issue of quantum, the original judgment of the jury on this issue was set aside and vacated. Mitchell v. Windham, supra; Carrier Leasing Corp. v. Ready-Mix Cos., Inc. 372 So.2d 601 (La.App. 4th Cir.1979), writ denied 375 So.2d 943 (La.1979).
We quote with approval the following language from Mitchell v. Windham, supra:

“The instant case is to be distinguished from Riddle v. Menard, 355 So.2d 1350 (La.App. 3rd Cir.1978) and Kaplan v. Missouri-Pacific Railroad Company, 409 So.2d 298 (La.App. 3rd Cir.1981). In both those cases the trial courts refused to grant a new trial although they stated on the record that the judgment was wrong and should be corrected. This circuit took those cases and decided them, because there was an ap-pealable judgment before us, the record was before us, and the question of a new trial was moot at that point. The instant case is different, of course, because a new trial has been granted, and we are powerless to intervene. ”

Accordingly, the judgment of the trial court, insofar as it orders an increase in quantum, is reversed and set aside. The judgment of the trial court ordering a new trial on the issue of quantum is affirmed. .This case is remanded for the purpose of conducting a new trial solely on the issue of quantum, and for further proceedings according to law, not inconsistent with the views herein expressed. Costs of this appeal are assessed equally between the plaintiff, Murphy Lemalle, and the defendant, Winn Dixie Louisiana, Inc. All other costs are to await final determination of the case.
Judgment annulled and set aside in part, and cause remanded.
REMANDED.