CARTER, Judge.
This is an appeal from a trial court judgment granting a motion for new trial.
Plaintiff, Louis DiVincenti, filed suit against defendants First Guaranty Bank and Mrs. F.E. Patenotte for damages arising out of the cashing of forged checks. The checks in question were drawn on Pa-tenotte’s account at First Guaranty and were made payable to Myrtle or Clarence Hughes. Plaintiff had accepted the forged checks and had deposited them into his *713 account at Central Progressive Bank. Upon discovery of the forgeries, First Guaranty paid Patenotte the amount of the forged checks and then charged Central Progressive for that amount. Whereupon Central Progressive made demand upon plaintiff for the funds.
Plaintiff then instituted this suit for damages against Patenotte and First Guaranty. First Guaranty filed a third party demand against Patenotte and Clarence and Myrtle Hughes. After a trial on the merits, the trial judge rendered judgment in favor of DiVincenti and against Patenotte for $2,665.00. The trial judge dismissed with prejudice all other demands.
Thereafter, Patenotte applied for a new trial. On June 4, 1984, the trial judge granted Patenotte’s application for a new trial and rendered judgment in her favor without a hearing, reversing his prior judgment against her and dismissing plaintiffs suit at his cost. This judgment was filed, and notice was mailed on June 8, 1984. On June 14, 1984, plaintiff filed a motion for new trial, which was denied by the trial court.
From the trial court judgment granting Patenotte a new trial and rendering judgment in her favor, plaintiff appeals raising the following issues:
(1) Whether the trial court erred in granting defendant’s application for new trial;
(2) Whether the trial court erred in rendering judgment on defendant’s application for new trial without setting the case for hearing or argument; and
(3) Whether defendant’s application for new trial suspended the judgment of January 11, 1984.
DISCUSSION
Plaintiff contends that the trial court erred in granting defendant’s application for new trial.
Under LSA-C.C.P. arts. 1971-1973, a trial court has virtually unlimited discretion to order a new trial, even on its own motion, where it is convinced there is good ground therefor. Tebbe v. Avegno, 435 So.2d 513 (La.App. 4th Cir.1983), writ not considered, 441 So.2d 753 (La.1983); Wright v. O’Neal, 414 So.2d 880 (La.App. 4th Cir.1982), reversed on other grounds, 427 So.2d 852 (La.1983); Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir. 1981). Unless there is clear abuse of the trial court’s discretion, there is no error. Wright v. O’Neal, supra; Deliberto v. Deliberto, supra; Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir.1980).
In the instant case, the trial judge specifically found that “its original judgment was in error.” Under the circumstances of this case, we do not find a clear abuse of the trial court’s discretion.
Plaintiff further contends that the trial court erred in granting defendant’s motion for new trial, then rendering judgment in her favor and dismissing plaintiff’s petition without setting the case for hearing or argument.
LSA-C.C.P. art. 1977 provides that:
When a new trial is granted, it shall be assigned for hearing in accordance with the rules and practice of the court.
In Loomis v. Connecticut General Life Insurance Co., 160 So.2d 270, 272 (La.App.4th Cir.1964), the court in applying LSA-C. C.P. art. 1977 stated:
This article was carried over from the Code of Practice of 1870, Art. 563, without substantial change. Under the Code of Practice Article it has been clearly held error for trial court, after granting a new trial or a rehearing, to set aside his former judgment and proceed immediately to render another and different judgment. The case must again be set for trial or hearing because the only question presented for decision on a rule for a new trial or rehearing is whether the same shall be granted or refused and nothing more.
See also Abney v. Allstate Ins. Co., 442 So.2d 590 (La.App. 1st Cir.1983); Mitchell v. Windham, 426 So.2d 759 (La.App. 3rd Cir.1983); and Pickering v. Hibernia Na *714 tional Bank, 306 So.2d 469 (La.App. 4th Cir.1975).
In the case sub judice, the trial court, having granted a new trial, erred in rendering a judgment contrary to the first judgment without assigning the case for hearing or argument as required by LSA-C.C.P. art. 1977.
Plaintiff also contends that the case should be remanded to the trial court for a trial on the merits as to all parties. However, the trial judge only granted defendant Patenotte’s application for new trial and specifically denied plaintiffs motion for new trial.
Under LSA-C.C.P. art. 1971, the trial judge may grant a new trial to less than all parties or issues. See also Devillier v. Traders & General Insurance Company, 321 So.2d 55 (La.App. 3rd Cir.1975), writ denied, 325 So.2d 273 (La.1976); Rachal v. United States Fidelity & Guaranty Co., 286 So.2d 147 (La.App. 3rd Cir.1973).
Clearly, the trial judge did not abuse his discretion in granting a new trial to less than all parties or issues.
The issue remaining is whether the filing of an application for new trial by defendant Patenotte suspended the running of appellate delays as to defendant First Guaranty.
In Billeaud v. Perry, 336 So.2d 539 (La. App. 3rd Cir.1976), the court stated:
While recognizing that there is authority to the contrary (Thibodeaux v. Lock Clinic, 299 So.2d 574 [La.App. 4 Cir. 1974]; Department of Highways v. D & J Realty Company, Inc., 245 So.2d 465 [La.App. 2 Cir.1971]), the better rule in the interest of judicial economy and orderly procedures is that the timely filing of a motion for new trial, by one or more of the parties to a lawsuit, holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the suit. LSA-C.C.P. art. 1971, 2164; Simmons v. Beauregard Parish School Board, 293 So.2d 226 (La.App. 3 Cir.1974).
See also, Bantin v. State, Through Dept. of Transp., Etc., 411 So.2d 65 (La.App. 3rd Cir.1981) and Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir.1975).
Because of the particular relationships of the parties involved and the intertwined factual issues, we find that the interest of justice would be served best by following the above line of jurisprudence.
Therefore, the judgment of the trial court against plaintiff and in favor of First Guaranty is held in abeyance, suspending the running of appellate delays until a final judgment decides all issues as to all parties in the suit.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed insofar as it granted defendant a new trial. However, that portion of the trial court judgment rendering judgment in defendant’s favor is reversed. The case is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of this appeal are to await a final determination of this case.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.